UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:10-cr-0009 KJM |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| FRANCISCO GARIN, | |
| Defendant. | |

Defendant Francisco Garin, proceeding pro se[1], has filed a motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2), ECF No. 108. Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.

By minute order filed November 18, 2015, the government was ordered to file a response to the motion within sixty days, and defendant's reply, if any, was due fourteen days thereafter. ECF No. 110. The government filed a response to the motion on January 18, 2016. ECF No. 111. Defendant has not filed a reply. After consideration of the moving papers, the

---

[1] On October 21, 2015, the Office of the Federal Defender filed notice that it would not supplement defendant's pro se motion. *See* ECF No. 109.

1

opposition, relevant parts of the record, and applicable legal principles, the court hereby denies defendant's motion.

On August 8, 2012, defendant pleaded guilty to charges of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  *See* ECF Nos. 15, 74.  On January 16, 2013, defendant was sentenced to 120 months in prison.  ECF No. 93.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582.  In relevant part, § 3582(c)(2) provides:

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).  "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827).  This is done "by 'determin[ing] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing.'" *Dunn*, 728 F.3d at 1155 n.3 (quoting *Dillon*, 560 U.S. at 827) (internal quotation marks omitted).  Generally, § 1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range.  *Id.*  However, U.S.S.G. § 1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[2]

---

[2] U.S. Sentencing Guidelines Manual § 1B1.10((b)(2)(B) (2014) provides:

> (B)  Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment

2

1    Here, defendant's commitment offense involved at least 7.80 kilograms of
2    methamphetamine (actual).  PSR ¶ 9.[3]  At the time of defendant's sentencing, the sentencing
3    guidelines provided a base offense level of 38 for that quantity of drugs.  *Id*.; U.S.S.G.
4    §2D1.1(c)(1)(2011).[4]  Defendant received a four level reduction in the base offense level because
5    he received an adjustment under USSG 3B1.2 for his minor role in the offense.  PSR ¶ 10.  He
6    received the two level reduction for his minor role in the offense, a two level reduction for
7    acceptance of responsibility, and a one level reduction in anticipation of a motion by the
8    government for timely notification of an intent to plead guilty, making his total offense level 29.
9    *Id*. ¶¶ 13, 16-18.  His criminal history category was I, PSR ¶ 21, making his sentencing guideline
10   range 87 to 108 months in prison.  *Id.* ¶ 40.  The minimum sentence allowed by statute for
11   defendant's commitment offense is 120 months in prison.  *Id.*  Accordingly, the guideline range
12   for defendant's sentence was 120 months, *id*., and the court sentenced defendant to 120 months in
13   prison.  ECF No. 94 at 2.

14   Amendment 782 did not change the base offense level for the quantity of drugs
15   involved in defendant's offense.  U.S.S.G. §2D1.1(c)(1)(2014).  Thus, Amendment 782 does not
16   authorize a reduction in defendant's sentence.  *See* U.S.S.G. 1B1.10.

17   /////
18   /////
19   /////
20   /////
21   /////

---

provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

[3] A copy of the Presentence Investigation Report (PSR) prepared for defendant's sentencing is filed under seal concurrently with this order.

[4] The 2011 Guidelines Manual was used in the preparation of defendant's PSR.  PSR ¶ 28.

3

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Francisco Garin's motion to reduce sentence, ECF No. 108, is denied; and

2. The Clerk of the Court is directed to file under seal the Presentence Investigation Report prepared for defendant's sentencing.

DATED: May 20, 2016.

_____
UNITED STATES DISTRICT JUDGE